UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DEPUTY WARDEN COBURN,<br><br>　　　　Defendant. | Case No. 1:17-cv-00337-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Pro se Plaintiff Juan Martinez's Second Motion for Appointment of Counsel. Dkt. 25. Defendant Coburn elected not to file any response to the pending Motion. After filing his Motion, Martinez subsequently filed a letter with the Court (in support of his motion) noting that he was due to have surgery. For the reasons set forth below, the Court DENIES Martinez's Motion at this time.

## II. BACKGROUND

At the outset of this case, Martinez—an incarcerated plaintiff—requested that the Court appoint counsel to represent him. Dkt. 4. In the Court's Initial Review Order (Dkt. 10) the Court denied Martinez's Motion without prejudice pending the submission of an amended complaint. Dkt. 10, at 15. In its Successive Review Order (Dkt. 14), the Court considered Martinez's original Motion and ultimately denied the same. The Court noted that unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake, *Lassiter v. Dep't of*

*Social Services*, 452 U.S. 18, 25 (1981), and whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court also reminded Martinez that:

> a federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is especially difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

Dkt. 14, at 11. By all accounts, it appears that Martinez did not try (or was unsuccessful if he did) to retain counsel on his own. Nevertheless, he petitions the Court a second time to appoint an attorney on his behalf.

### III. DISCUSSION

As the Court explained in its Successive Review Order, it will only appoint counsel in "exceptional circumstances." Dkt. 14, at 10. The determination of whether "exceptional circumstances" exist requires the evaluation of two factors: "(1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved." *Id*. (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)).

In its Order, the Court allowed Martinez to proceed on a single cause of action: an Eighth Amendment "failure-to-protect" claim, and against a single Defendant: Deputy Warden Coburn. *Id.* at 8.

In his Complaint, Martinez alleges that when he entered prison, he informed Coburn that he had withdrawn from all gang activity and that, as a result, these gangs desired to physically harm, or otherwise retaliate against him. Martinez asserts that even though he informed Coburn of this potential danger, he was transferred to a unit wherein gang members resided. Ultimately, these gang members gained access to Martinez and severely beat him.

Although what happened to Martinez was terrible, this claim is not overly complex. Additionally, Martinez was able to demonstrate—at least at this early stage of the case—that there was a likelihood of success on his claim, thus allowing it to proceed beyond the Initial Review stage. These factors weigh against appointment of Counsel because Martinez appears capable of pursuing his remaining claim as a pro se plaintiff.

More importantly, however, Martinez has not pointed to any *new* exceptional circumstances requiring the Court to change its former position. Rather, Martinez only states that he recently had to undergo surgery and as a result, he might be slow in responding to Court filings and that an attorney would be appreciated. Dkt. 26, at 1.

There is no doubt that Martinez, like any other pro se litigant, would benefit from the assistance of counsel. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997). But Martinez must point to exceptional circumstances warranting appointment. Martinez has not made this showing.

MEMORANDUM DECISION AND ORDER - 3

Martinez's argument that he has limited knowledge of the law and limited access to a law library, WESTLAW, or that this case will involve research and investigation is not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating pro se. *See Wilborn*, 789 F.2d at 1331 (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues"). These concerns do not rise to the level of exceptional circumstances.

Additionally, Martinez's letter notifying the Court of his (at that point) upcoming (but presumably now past) surgery, does not change this analysis. While surgery would understandably slow down a person's ability to litigate a case—or do many other things for that matter—Martinez has failed to show how this surgery is an exceptional circumstance or necessitates the appointment of counsel. He simply states that he will be "hospitalized for some time" and "unable to respond in a timely manner." Dkt. 26, at 1. Frankly, where it has taken the Court some time to get to this Motion, the Court is unaware of Martinez's current situation—whether he is fully recovered or still in need of medical care—and if his surgery is affecting his ability to respond to this case. If Martinez feels that he needs to extend the deadlines in this case as a result of his surgery or because he lacks legal training, the Court would entertain such a motion. Additionally, Martinez can still attempt to procure counsel on a contingency or other basis, but in short, the Court will not appoint counsel for him. As noted in the Court's prior Order (Dkt. 14,

at 11), if it seems appropriate at a later date, the Court may reconsider appointing counsel.

## IV. ORDER

1. For the reasons outlined above, Martinez's Second Motion to Appoint Counsel (Dkt. 25) is DENIED WITHOUT PREJUDICE.

DATED: March 26, 2019

David C. Nye
Chief U.S. District Court Judge