UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DEBBIE FIELD, DAVID MCLUSKEY, CINDY WILSON, KEITH YORDY, D.W. PENEKU, D.W. COBURN, SGT. BILOA, SGT. BILADEAN, CPL. DAVIDSON, and C/O ADAIR,<br><br>    Defendants. | Case No. 1:17-cv-00337-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Juan Martinez's Motion to Alter or Amend Judgment. Dkt. 48.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES Martinez's Motion.

## II. BACKGROUND

The Court previously outlined the factual basis underlying Martinez's claim and incorporates that background here by reference. *See* Dkt. 46, at 2-4.

After an initial review, the Court allowed Martinez to proceed on a single Eighth Amendment failure-to-protect claim against Defendant Coburn. Dkt. 14, at 7-8. At the close of discovery, Coburn filed a Motion to Dismiss contending Martinez had failed to exhaust the administrative remedies available to him. Dkt. 28. Less than two weeks later, Coburn filed a Motion for Summary Judgment arguing there were no material facts in dispute and that the Court should grant summary judgment in his favor. Dkt. 31. Martinez filed two motions to strike in conjunction with Coburn's motions. Dkts. 35, 43.

On May 21, 2020, the Court issued a Memorandum Decision and Order addressing all of the pending motions. Dkt. 46. In its decision, the Court denied Coburn's Motion to Dismiss, denied Martinez's two Motions to Strike, and granted Coburn's Motion for Summary Judgment. *Id.* at 25. The next day, the Court entered Judgment in Defendant Coburn's favor. Dkt. 47.

On June 18, 2020, Martinez filed a Motion to Alter or Amend Judgment. Dkt. 48. Coburn opposes the Motion. Dkt. 49.

### III. LEGAL STANDARD

Motions to "alter," "amend," or "reconsider" are governed by Federal Rule of Civil Procedure 59(e). *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (cleaned up). As a result, the Ninth Circuit has identified four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents

newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored[.]" *American Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

### IV. ANALYSIS

As a threshold matter, the Court notes that Martinez's Motion is timely. It appears that Martinez thought his motion would be untimely due to mailing concerns; however, it is not. Coburn does not argue the Motion is untimely, the Court simply notes this for Martinez's benefit. The Court turns next to the substance of Martinez's Motion.

In his Motion, Martinez lists 20 separate reasons, facts, or arguments justifying reconsideration. The Court will not review each contention individually but will address the general categories that all of the claims fall into.

First, many of Martinez's purported reasons for reconsideration are attempts to re-litigate topics the Court has already ruled upon. Martinez does not present any new evidence in support of these arguments; he simply reargues what he has argued throughout this case and asserts that the Court's interpretation of those arguments in its prior Decision was wrong. This is not appropriate in a motion for reconsideration. Martinez already had his chance to litigate this case. He had an opportunity to engage in discovery (which he chose not to do), to file briefs in opposition to Coburn's Motions (which he did), and to file

motions of his own (which he did). Rearguing the same issues at this late stage, without a justifiable reason, is not appropriate.

The Court—in its prior 25-page Decision—considered all of the arguments Martinez now reasserts. That Martinez does not agree with the Court's conclusions is of little consequence because Rule 59(e)'s purpose "is *not* to give an unhappy litigant one additional chance to sway the judge." *Garcia v. Bitter,* 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (emphasis in original); *accord Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming denial of Rule 59(e) motion which "presented no arguments that had not already been raised in opposition to summary judgment"); *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995) ("A motion for reconsideration should not be used to ask a court to rethink what the court has already thought through—rightly or wrongly.") (cleaned up).

Second and relatedly, Martinez argues the Court should have afforded him an evidentiary hearing in which he could have called witnesses and elicited testimony to support his claims. Discovery in this case was open for six months. It does not appear that Martinez took advantage of this opportunity. Under Federal Rule of Civil Procedure 31(a), Martinez could have deposed any IDOC official, including Defendant Coburn, by written means without leave of the court. While the rule requires leave of court to depose incarcerated inmates (Fed. R. Civ. P. 31(a)(2)(B), Martinez could have, nevertheless, filed inmate affidavits (which he actually did in support of his Motion to Strike, *see* Dkt. 41, at 5). The record reflects, however, that Martinez did not depose any IDOC officials and did not submit inmate affidavits in opposition to Coburn's Motion for Summary Judgment. As

such, Martinez cannot prevail under Rule 59(e) with new arguments or evidence he could have gathered (via appropriate discovery) and submitted previously.

More broadly, however, Martinez is *not* entitled to any type of evidentiary hearing in a civil case. Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court's local rules outline that unless the Court deems a hearing and oral argument necessary, any motion will be decided on the briefs. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). The Court determined that a hearing on the previous motions was not necessary and ruled on the briefing provided by the parties, including Martinez. In short, Martinez was not entitled to an evidentiary hearing and the Court's "failure" to hold one is not sufficient reason to justify reconsideration.

Third, Martinez argues that the Court impermissibly made credibility determinations in its decision, that such findings should have been left to a jury, and that these errors justify reconsideration. For example, Martinez highlights the Court's statement that "no reasonable juror could find Coburn's actions subjectively indifferent to Martinez" (Dkt. 46, pg. 20) and its conclusion that "the record taken as a whole could not lead a rational trier of fact to find that Coburn objectively knew Unit 15 was a dangerous housing unit, or that he subjectively knew that placing Martinez there would result in harm" (Dkt. 46, pg. 24) as instances wherein the Court made credibility determinations.

While it is true the Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact, it is the Court's duty to determine if any disputed facts exist in the first place. In doing so, the Court must analyze the evidence before it and determine if it is sufficient to

MEMORANDUM DECISION AND ORDER - 5

withstand scrutiny. So, while the Court does not weigh conflicting evidence or competing testimony it must, nonetheless, consider whether the evidence itself is sufficient to create a genuine issue of material fact.

Additionally, while all reasonable inferences that can be drawn from the evidence must be drawn in a light most favorable to the non-moving party, *McLaughlin v. Liu,* 849 F.2d 1205, 1208 (9th Cir. 1988), the Court is not required to adopt unreasonable inferences from circumstantial evidence, nor is "a mere scintilla of evidence . . . sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint." *Summers v. Teichert & Son, Inc.,* 127 F.3d 1150, 1152 (9th Cir. 1997). Martinez presented no such probative evidence in this case, hence the Court's findings that Coburn's evidence was sufficient to support his Motion for Summary Judgment.

In sum, the Court did not make impermissible creditability determinations or invade the purview of the jury in this case. Rather, it analyzed the testimony and evidence in the record to determine whether Martinez had alleged sufficient facts to support his position and to overcome Coburn's Motion for Summary Judgment. For example, Martinez argued that Coburn *knew* placing him in Unit 15 would cause him harm and that this was deliberately indifferent. Martinez not only failed to provide evidence that Coburn was even involved in his housing assignment, but his only support for this claim was his personal opinion and the general assertion that everyone knew Unit 15 was a violent housing unit. The Court found that because Martinez could not show that Coburn was involved in the decision of where to house him, nor could he point to "any past violence he suffered in

Unit 15 or any violence between himself and any specific individual house in Unit 15" he could not show that placing him there was deliberately indifferent. Dkt. 46, at 17. Conversely, Coburn provide evidence to support his defense that he was not involved in Martinez's housing assignment in the first place, and that even had he been, he was not aware of any evidence that would have suggested Martinez would be subject to violence if moved there. Ultimately, the Court found Coburn had carried his burden and that summary judgment was appropriate. The Court stands by its conclusion.

Finally, some of Martinez's arguments are simply his opinion regarding the underlying facts of the case or his interpretation of the Court's order. Martinez is entitled to his opinion; however, these subjective statements do not warrant reconsideration.

In conclusion, Martinez has not submitted any new evidence to support his arguments favoring reconsideration, has not shown there was an intervening change in law requiring the Court to review its decision, and has not shown that the Court committed any manifest injustice or critical error in its analysis or reasoning. Accordingly, his motion must be denied.

## V. ORDER

1. Martinez's Motion to Alter or Amend (Dkt. 48) is **DENIED**.

DATED: December 17, 2020

David C. Nye
Chief U.S. District Court Judge